

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL STEVEN WRIGHT, _____ MICHAEL STEVEN WRIGHT, Petitioner, v. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII, Respondent, UNITED STATES OF AMERICA, Real Party in Interest. | No. 18-72952 D.C. No. 1:15-cr-00171-DKW-1 MEMORANDUM[*] |

Petition for Writ of Mandamus to the
United States District Court for the
District of Hawaii

Submitted April 19, 2019[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  BEA and SMITH, Circuit Judges, and MARQUEZ,*** District Judge.

Michael Wright (Wright") was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) and received a sentence of 24 months in prison. Prior to his self-surrender date, Wright filed a 28 U.S.C. § 2255 motion in district court to set aside his sentence, and he also moved to remain released on bail pending a decision on his § 2255 motion. The district court denied Wright's bail motion and stated it "lacked clear legal authority" to grant bail while a § 2255 motion is pending.

Wright then petitioned this court for a writ of mandamus, asking this court to direct the district court to reach the merits of his bail motion. The district court has since denied Wright's § 2255 motion. Because the district court has denied his § 2255 motion, it is no longer possible for this court to grant Wright the relief he requests.

Wright asserts his petition for a writ of mandamus is moot. Nevertheless, the Government argues the petition is not moot, as this issue is capable of repetition while evading review. For this issue to affect Wright in the future, he would have to complete his sentence, be released, be re-arrested and allowed bail, be convicted,

***    The Honorable Rosemary Marquez, United States District Judge for the District of Arizona, sitting by designation.

2

identify grounds for § 2255 relief and file a motion, and move to be allowed to remain on bail pending review of his § 2255 motion. This is too speculative.

In *Alvarez v. Smith*, 558 U.S. 87, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009), the Court held six plaintiffs claiming Illinois had insufficient procedures for contesting warrantless property seizures no longer had an actual case or controversy because all six settled their property disputes with the state prior to oral argument and nothing suggested the same plaintiffs would likely be subject to the Illinois seizure procedures again. *Id*. at 93. In *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 S. Ct. 1660, 75 L. Ed. 2d 675 (1983), the Court held the plaintiff did not meet the case or controversy requirement for equitable relief because the risk he would be subjected to the same injury in the future was too speculative and "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Id*. at 109. Here, the likelihood Wright would be subject again to this same issue is too speculative. The Government is merely seeking an advisory opinion.

**PETITION FOR WRIT OF MANDAMUS DENIED AS MOOT.**